IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD FLEMING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. **3:25-CV-02970-L-BW** |
| | § | |
| **CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT; CASSANDRA HATFIELD; RANDY SCHACKMANN; BRIAN MOERSCH; and WENDY ELDREDGE,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On August 27, 2026, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13) was entered, recommending that the court grant Defendants Carrollton-Farmers Branch Independent School District, Cassandra Hatfield, Randy Schackmann, Brian Moersch, and Wendy Eldredge's (collectively "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4) and dismiss all of Plaintiff Richard Fleming's ("Plaintiff" or "Mr. Fleming") claims with prejudice. Plaintiff did not file objections to the Report, and the 14-day deadline for doing so has passed. *See* 28 U.S.C. 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

In making this recommendation, the magistrate judge determined that Defendants are entitled to qualified immunity based on Plaintiff's 42 U.S.C. section 1983 claim for violation of the First Amendment. This is because Plaintiff was attempting to speak at a school board meeting, which is a limited public forum, and reasonable viewpoint neutral restrictions are permissible in limited public forums. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758-59 (5th Cir. 2010). Plaintiff alleges he was denied access to board meetings to speak based on his viewpoint; however,

Plaintiff also alleges that he was told he incorrectly filled out the registration form which is a neutral and reasonable requirement that every person who wished to speak during the public-comment time at the board meeting had to comply with. Doc. 1-4 ¶ 17 & 21.

The magistrate judge determined that Defendants are entitled to qualified immunity based on Plaintiff's First Amendment retaliation claim because Plaintiff has not alleged facts that taken as true would show that Defendants' actions caused him to "suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," nor has he alleged facts that show Defendants had a retaliatory animus towards him. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (elements of a First Amendment retaliation claim).

Plaintiff contends that Defendants would not allow him to speak at the school board meeting based on his race and viewpoint in violation of the Equal Protection Clause. As discussed above, Plaintiff has not properly pled a claim that he was treated differently based on his viewpoint. The magistrate judge determined that Plaintiff's equal protection claim based on race was deficient because Plaintiff has not alleged facts that shows any racially motivated comment made by a Defendant was linked to him not being permitted to speak at the board meeting. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 415 (5th Cir. 2015) (a "racially offense comment alone is insufficient to support an equal protection claim under § 1983. . . ."). Since Plaintiff has failed to sufficiently allege a section 1983 claim, his section 1983 conspiracy claim and municipal liability claims fail. *Landry v. Laborde-Lahoz*, 852 F. App'x 123, 127 (5th Cir. 2021); *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

Finally, the magistrate judge determined that Plaintiff has failed to state an *ultra vires* claim under Texas law because he has not set forth sufficient factual allegations that taken as true would show the Individual Defendants acted outside the scope of their authority. Plaintiff's allegations are vague and do not specify provisions of the school board policy that were violated, and they do

not explain what the Individual Defendants did that was contrary to such policy. *See Zeng v. Texas Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 213 & n.7 (5th Cir. 2020) (no *ultra vires* claim when policy was not alleged to have been enacted by the Board of Regents—which may have the same effect as law passed by the legislature) (citing *Hall v. McRaven*, 508 S.W.3d 232, 235 (Tex. 2017); *University of Hous. v. Barth*, 403 S.W.3d 851, 856 (Tex. 2013)).

Although the court would normally allow a plaintiff to amend his or her pleadings before dismissing them with prejudice, Plaintiff here did not assert any objections to the Report and recommended disposition of his claims. The court, therefore, determines that he has pleaded his "best case" such that allowing him to amend his pleadings would be futile and unnecessarily delay the resolution of this litigation. Accordingly, Plaintiff will not be allowed to amend his pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (where it is clear that defects are incurable, courts do not have to afford plaintiffs the opportunity to amend). Moreover, a magistrate judge's report and recommendation constitutes sufficient notice and opportunity to respond to such report and recommendation, or the parties may submit objections. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Finally, Mr. Fleming did not request to amend his pleadings, and "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citation omitted).

Thus, having considered the Motion to Dismiss, the pleadings, the file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **grants** Defendants' Motion to Dismiss (Doc. 4) and **dismisses with prejudice** Plaintiff's claims and this action.

**It is so ordered** this 15th day of September, 2026.

Sam A. Lindsay
United States District Judge